UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 00-3278-CIV-LENARD
Magistrate Judge Turnoff

M SECURITIES AND INVESTMENTS,
INC., a Florida Corporation, d/b/a
HOWARD GARY & COMPANY,
    Plaintiff,

vs.

CALVIN B. GRIGSBY, NAPOLEON BRANDFORD, JAMES BURKE,
WILLIAM HARDEMON, MURIEL SIEBERT, SUZANNE SHANK,
J. DONALD RICE, MURIEL SIEBERT, & CO., Inc.,
GRIGSBY, BRANDFORD & COMPANY, Inc., GRIGSBY,
BRANDFORD & POWELL, Inc., SIEBERT BRANDFORD &
SHANK Co. a/k/a SIEBERT, BRANDFORD SHANK, & CO., L.L.C.
GRIGSBY & ASSOCIATES, INC., GBR FINANCIAL PRODUCTS
COMPANY, RICE FINANCIAL PRODUCTS COMPANY, and
APEX SECURITIES, INC.
Jointly, individually and severally,
    Defendants.
_____/



**MEMORANDUM IN OPPOSITION TO DEFENDANT MURIEL SIEBERT &
MURIEL SIEBERT & COMPANY'S MOTION TO STRIKE NOTICE OF
VOLUNTARY DISMISSAL**

**OR, IN THE ALTERNATIVE PLAINTIFF MOVES FOR THE COURT TO
ORDER A DISMISSAL WITHOUT PREJUDICE,**

**OR IN THE ALTERNATIVE, PLAINTIFF MOVES THE COURT TO VOID THE
NOTICE OF VOLUNTARY DISMISSAL, AND REINSTATE THE LAWSUIT, AS
TO THE PARTIES BEFORE THE COURT, AND THEN ENTERTAIN A
MOTION TO ALLOW PLAINTIFF TO TAKE A VOLUNTARY DISMISSAL, AS
TO THOSE PARTIES AND CLAIMS INORDER THAT THE COURT ALLOW
THE PROSECUTION OF THOSE CLAIMS, BEFORE THE STATE COURT,**

**OR ALTERNATIVELY PLAINTIFF MOVES THE COURT TO ABATE THIS
FEDERAL SUIT AS TO DEFENDANTS WILLIAM HARDEMON, MURIEL
SIEBERT, J. DONALD RICE, MURIEL SIEBERT, & CO., Inc., GRIGSBY,
BRANDFORD & COMPANY, Inc., SIEBERT BRANDFORD & SHANK Co. a/k/a
SIEBERT, BRANDFORD SHANK, & CO., L.L.C.,GBR FINANCIAL
PRODUCTSCOMPANY, RICE FINANCIAL PRODUCTS COMPANY, and APEX
SECURITIES, INC., AND ALLOW THE CASE FILED IN THE CIRCUIT
COURT OF THE ELEVENTH JUDICIAL CIRCUIT TO PROCEED**



This memorandum is filed in opposition and response to Muriel Siebert and Muriel Siebert & Company's Motion to Strike Notice of Voluntary Dismissal, or in the alternative award sanctions.

In that regard, the following history of this case must be set forth. This case, above was filed approximately September 1, 2000, and given Number Case No. 00-3278-CIV-LENARD.

On January 5, 2001, Defendants Muriel Siebert and Defendant Muriel Siebert & Company filed a Motion to Dismiss, and never an Answer. They also filed a Motion to Stay Discovery, which, inasmuch as the Motion to Dismiss was not addressed, was granted, pending disposition of the Motion to Dismiss.

The Motion to Dismiss was fully briefed on February 14, 2001. It remains unresolved, through the present, even though discovery has long been propounded, by the Plaintiff, but has been stayed, even though the parties have all requested Status Conferences, by the Court.

The Court, itself, in the now, companion case, inferentially advised the Plaintiff to Dismiss the case (possibly, as a result of the exponentially highest work load, of the Southern District of Florida, United States District Court since September 11, 2001) when the Court wrote in its Order on Defendant's Joint Motions

> **ORDERED AND ADJUDGED** upon the Court's rulings on the Motions to Dismiss, the parties shall meet in person, or by telephone or by other comparable means a (sic) soon as practicable for a scheduling conference and file a Joint Scheduling Report within 30 days of the Court's Ruling *if the action remains pending.* [emphasis supplied]

The Plaintiff interpreted that sentence to suggest that since the Court had not, in almost one year, ruled on the Motion(s) to Dismiss, that it would be more propitious to bring the suit, in State Court where there was concurrent jurisdiction, and the Courts were not additionally burdened, as a result of September 11, 2001.

The Court further, both upon Motion of certain Defendants, and the Court's Own Motion Dismissed Defendants, GRIGSBY, BURKE, SUZANNE SHANK, GRIGSBY & ASSOCIATES, INC., GRIGSBY, BRANDFORD & COMPANY, Inc., and GRIGSBY, BRANDFORD & POWELL, Inc., for issues related to the timeliness, or adequacy of initial service.

As to Defendant, BRANDFORD, that Defendant was never adequately served, in accordance with the Orders of the Court related to service on GRIGSBY, BURKE, SUZANNE SHANK, GRIGSBY & ASSOCIATES, INC., GRIGSBY, BRANDFORD & COMPANY, Inc., and GRIGSBY, BRANDFORD & POWELL, Inc.

The only remaining Defendants, before the Court on the allegations contained in the Suit, originally styled M SECURITIES AND INVESTMENTS, INC., d/b/a HOWARD

GARY & COMPANY vs.CALVIN B. GRIGSBY, NAPOLEON BRANDFORD, JAMES BURKE, WILLIAM HARDEMON, MURIEL SIEBERT, SUZANNE SHANK, J. DONALD RICE, MURIEL SIEBERT, & CO., Inc., GRIGSBY, BRANDFORD & COMPANY, Inc., GRIGSBY, BRANDFORD & POWELL, Inc., SIEBERT BRANDFORD & SHANK Co. a/k/a SIEBERT, BRANDFORD SHANK, & CO., L.L.C. GRIGSBY & ASSOCIATES, INC., GBR FINANCIAL PRODUCTS COMPANY, RICE FINANCIAL PRODUCTS COMPANY, and APEX SECURITIES, INC. would be SIEBERT BRANDFORD & SHANK Co. a/k/a SIEBERT, BRANDFORD SHANK, & CO., L.L.C., J. DONALD RICE, GBR FINANCIAL PRODUCTS COMPANY, RICE FINANCIAL PRODUCTS COMPANY, and APEX SECURITIES, INC., MURIEL SIEBERT, & CO., Inc MURIEL SIEBERT, and WILLIAM HARDEMON.

As to all the remaining Defendants and the served Defendants, there would have to be a New case filing, new service and a Motion to Consolidate, or alternatively a Motion to rejoin the dismissed Defendants, ( all of which would be briefed, at length, by all the parties) and an Order granting same, and then service on all the 'added' Defendants. This, by no means, contributes to Judicial economy!

This is why a voluntary dismissal is generally the prerogative of the Plaintiff. Since there has been no prior Voluntary Dismissal of the Parties, in question, relating to any of the Counts or causes of Actions, it appears that Muriel Siebert and Muriel Siebert & Company are merely attempting to obfuscate the issues, and prevent a trial, on the Merits, in a reasonable and timely fashion.

It should be noted that if the relief requested, in voiding the Notice of Voluntary Dismissal is Granted by the Court, then the Causes of Actions set forth in the Initial Complaint against SIEBERT BRANDFORD & SHANK Co. a/k/a SIEBERT, BRANDFORD SHANK, & CO., L.L.C., J. DONALD RICE, MURIEL SIEBERT, & CO., Inc MURIEL SIEBERT, and WILLIAM HARDEMON, would not be dismissed. They would be ongoing.  Plaintiff would then have to do one of three things, to wit;
1) Move the Court for an Order allowing the granting of an Order, Dismissing without prejudice those claims, and proceeding with the State Court lawsuit, already filed, herin, a copy of which is attached as Attachment "A",
2) File an entirely "new" Federal Lawsuit incorporating ALL the same Defendants, and then moving the Court for a consolidation Order.
3) Move the Court for an Order **re-**"adding" the Dismissed Defendants, and then, once again attempt service.

Clearly, there is no basis to Dismiss the suit with Prejudice, on any theory. Only Rice, GBR FINANCIAL PRODUCTS COMPANY, RICE FINANCIAL PRODUCTS COMPANY, and APEX SECURITIES, INC. have ever filed an Answer. Perhaps, only as to them there was at least a nominal requirement that leave of Court be sought prior to the filing of a voluntary Dismissal.

However, since Discovery has NEVER been permitted to be undertaken, by Plaintiff, and no taxable costs expended, there could be no recovery of any costs incurred by them in defense of this action.

3

As to movants, MURIEL SIEBERT, & CO., Inc, and MURIEL SIEBERT, no responsive Pleading has ever been filed. If a Dismissal was granted on their Motion(s), the Court would then be required to either;

1) allow a re-pleading, in federal Court
2) allow the filing of a State Court Action

The SIEBERT Defendants, now want Plaintiff punished for Plaintiff, itself, Granting the Relief prayed for by said movants! In otherwords, the only relief that could have been Granted the Siebert Defendants was to have the case dismissed without prejudice, either to be re-drafted or left for determination in the State Court.

### Rule 41(a)(1) is self executing and the exclusive right of the Plaintiff

Federal Rules of Civil Procedure 41(a)(1) allows a plaintiff to dismiss an action without obtaining the consent of the District Court. This is a right maintained by the plaintiff alone. Without consent of the parties, if neither an answer nor a summary judgment has been filed, the plaintiff may serve notice of dismissal simply by filing with the court, prior to the service of an answer or of a motion for summary judgment. See Fed.R.Civ.P. 41(a)(1). The voluntary dismissal is "self executing" notice and not a motion. No order of the court is required. Thus, the notice "is effective at the moment the notice is filed with the clerk" of the court. *Marex Titanic, Inc. v. The Wrecked & Abandoned Vessel*, 2 F.3d 544, 546 (4th Cir. 1993); *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997). The purpose of Rule 41(a)(1) is to provide a "bright line" test for courts to determine whether a case has "reached the point of no return." *Manze v. State Farm Insurance Company*, 817 F.2d 1062, 1065 (3rd Cir. 1987) (citing *Winterland Concessions Co. v. Smith*, 706 F.2d 793, 795 (7th Cir. 1983)). Quite simply, if the defendant has served neither and answer or a motion for summary judgment, the test is met. Defendants filed neither and thus the notice of dismissal lies within the sole discretion of the Plaintiff.

Furthermore, courts have gone to great lengths to hold that only a motion for summary judgment or an answer qualifies to extinguish the plaintiff's rights under Rule 41. *Hamilton v. Shearson-Lehman American Express, Inc.*, 813 F.2d 1532 (9th Cir. 1987) (motion to compel arbitration and stay proceedings was not a motion for summary judgment); *Sheldon v. Amperez Electronics Corp.*, 52 F.R.D. 1, 9 (D.C.N.Y. 1971), *affirmed*, 449 F.2d 146 (2nd Cir. 1971).

### The Siebert Defendants' have not filed an answer with the District Court

Defendants failed to either file an answer or move for summary judgment. Under Rule 41(a)(1), an "answer" does not mean merely an appearance. *Wilson & Co. v. Fremont Cake & Meal Co.*, 83 F.Supp. 900, 904-5 (D.C.Neb. 1949). Thus, the mere fact that Defendants made an appearance does not preclude plaintiff's unilateral right of voluntary dismissal. Rule 12(b) provides a litany of defenses, which a defendant may assert in an answer or in a motion to dismiss. If the defendant opts to include these

4

defenses in an answer, the service of such answer terminates the plaintiff's right to voluntary dismissal under Rule 41. On the other hand, if a defendant selects to include these defenses in a 12(b) motion to dismiss, plaintiff's rights with regard to voluntary dismiss stay in tact.

The fact that Defendants filed a Rule 12(b)(6) Motion to Dismiss and not an answer is not in question. Defendants, however, would have this court hold that simply filing a Rule 12(b)(6) motion, supported by affidavits or other evidence, is sufficient to convert the motion into one for summary judgment upon filing with the court or service on a party. This is contrary to the plain language of Rule 12(b)(6), which clearly states that a motion to dismiss supported by material outside the pleadings shall *only* be treated as a Rule 56 summary judgment motion when the materials are *presented and not excluded* by the court. See Rule 12(b)(6). As Professor Moore concluded, "mere submission [or service] of extraneous materials does not by itself convert a Rule 12(b)(6) motion into a motion for summary judgment." *Finley Lines Joint Protective Board Unit 200 v. Norfolk Southern Corp.*, 109 F.3d 993, 996 (4th Cir. 1997) (citing 2A James Wm. Moore, *Moore's Federal Practice* ¶ 12.09[3]).[1] To allow Defendants' proposed service and filing guidelines would strip a court of the ability to convert the motion and determine which materials should, or should not, be excluded.

**The Court had not ruled on Defendants' Motion to Dismiss prior to Plaintiff filing his Rule 41(a)(1) Notice of Dismissal. In fact, the only action taken by this Court was to stay the discovery pending the hearing on the Motion to Dismiss.** See *Plains Growers, Inc. v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250, 253 (5th Cir. 1973)(Plaintiff's voluntary dismissal could not be prevented by unheard 12(b)(6) motion, motion to challenge service, and unanswered interrogatories); *Finley Lines Joint Protective Board Unit 200 v. Norfolk Southern Corp.*, 109 F.3d 993, 996 (4th Cir. 1997)(court had not taken action on rule 12(b)(6); ruling on extension of time not sufficient). Thus, Defendants have not and cannot proffer any evidence they intended a Rule 56 motion or that the court treated it as such.

### Lack of Formal Notice

Conversion to a summary judgment requires notice to the parties involved. The court never heard the motion or made reference to the Defendants' motion to dismiss, thus it cannot be said any form or type of notice was provided to the parties. Rule 12(b)(6) requires a court provide parties with notice of its intention to convert a motion to dismiss into a Rule 56 motion for summary judgment and "a reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed.R.Civ.P. 12(b)(6); see also *Finley Lines*, 109 F.3d at 996.

---

[1] *See also* 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2363 at 259 (2nd 2d. 2001 Pocket Part) ("Unless formally converted into a motion for summary judgment under Rule 56, a motion to dismiss under Rule 12(b) does not terminate the right of dismissal.")

5

### Self-Executing Nature of Rule 41(a)(1) requires Strict Interpretation

In some instances, a motion to dismiss can be converted into a motion for summary judgment. This requires that the court *formally* convert the Rule 12(b) motion into a Rule 56 motion. Rule 41(a)(1) should not be read to require courts to continually determine whether the "equivalent" of an answer or motion for summary judgment has been served or whether the merits have sufficiently been addressed. <u>Foss v. Federal Intermediate Credit Bank of St. Paul</u>, 808 F.2d 657, 659-60 (8th Cir. 1986).

Defendants argue that plaintiff's actions abuse the judicial process. Yet the <u>Finley Lines</u> court addressed this exact issue in holding that Rule 41(a)(1) provides a defendant a simple remedy to "avoid wasting time and money" or "preclude future prejudice to its interests" via the voluntary dismissal. A defendant may file an answer or move for summary judgment. *Finley Lines*, 109 F.3d at 997. Here, Defendants chose not to file either an answer or a motion for summary judgment. Because of their decisions, Defendants now ask this court to circumvent language of Rule 41(a)(1) by converting a motion to dismiss to a summary judgment when Defendants could have prevented a voluntary dismissal, at any time prior to the 41(a)(1), by simply filing an answer to the complaint. *See also* <u>Manze</u>, 817 F.2d at 1066.

This discussion, regarding Fed. Rule 41(a)(1) is dispositive as to all Defendants, who have not answered, which specifically includes Movants, Muriel Siebert, and Muriel Siebert and Co., Inc. The Federal Jurisdiction over those Defendants has been removed.

### The Case Law Supports the Dismissing of Certain Defendants, yet not all Defendants

The case law supports that a Plaintiff may dismiss some, but not all Defendants. See *Terry v. Peariman*, 42 F.R.D. 335 (D. Mass. 1967) (notice of dismissal filed under Rule 41a(1) with regard to one of several defendants, who has served neither an answer nor a motion for summary judgment, dismissal should not be precluded by the fact that other defendants have served an answer or a motion for summary judgment).
See also Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826; 109 S. Ct. 2218; 104 L. Ed. 2d 893; (1989) which held that even the Court of Appeals had the authority to dismiss a non-indispensible party so as to create diversity jurisdiction. The party may be dropped from an action in order to achieve complete diversity either on the motion of the parties or on the court's own motion. *Ray v. Bird & Son*, 519 F.2d 1081, 1082 (5 Cir. 1975); **Brown v. Texas & P. Ry. Co., 392 F. Supp. 1120 (W.D.La. 1975)**. In Ray, (supra) the Court wrote "Nonindispensable parties may be dropped on motion or by order of court to achieve the requisite diversity of citizenship," *cf. Anderson v. Moorer*, **5 Cir. 1967, 372 F.2d 747, 750, fn. 4**.The *Brown* case also involved plaintiff dropping a non-diverse defendant pursuant to Rule 21 or Rule 41)., *Plasterer v. Hahn*, 103 F.R.D. 184 (D. Pa. 1984). Fritz v. American Home Shield Corp., 751 F.2d 1152, 1985 U.S. App. 40 Fed. R. Serv. 2d (Callaghan) 1300 (11th Cir. Fla. 1985)

<u>6</u>

In this instance, Defendants are attempting to create "a tempest in a teapot" to prevent the case from being litigated in a State Forum.

In the Alternative, Plaintiff moves the Court to Order a Dismissal, without prejudice, Or in the Alternative, Plaintiff moves for the Court to Void the Notice of Voluntary Dismissal, and reinstate the lawsuit, as to the parties before the Court, and THEN entertain a Motion to allow Plaintiff to take a voluntary Dismissal, as to those parties and claims, inorder that the U.S. District Court allow the Prosecution of those claims, before the State Court,

Or in the Alternative Plaintiff moves the Court to Abate this Federal Suit, as to Defendants WILLIAM HARDEMON, MURIEL SIEBERT, J. DONALD RICE, MURIEL SIEBERT, & CO., Inc., SIEBERT BRANDFORD & SHANK Co. a/k/a SIEBERT, BRANDFORD SHANK, & CO., L.L.C., GBR FINANCIAL PRODUCTSCOMPANY, RICE FINANCIAL PRODUCTS COMPANY, and APEX SECURITIES, INC., and to allow the State Court filed, attached hereto to proceed, in accordance with the Rules governing similar State proceedings.

### Costs of Court and Attorneys' Fees Should Not Be Awarded

Defendants are not entitled to the costs, expenses and attorneys' fees requested in their motion. The Rule 41(a)(1) notice is simple and routine. As such, this Honorable Court should refrain from attaching conditions to or burdening Plaintiff's right to dismissal. *Williams v. Ezell*, 531 F.2d 1261, 1264 (5th Cir. 1976) (court may not impose conditions). Furthermore, Defendants incorrectly seek costs and attorneys fees. Albeit a Rule 41(a)(2) dismissal is ordinarily accompanied by an order requiring reimbursement of certain of defendant's expenses upon re-filing, the same is not true for a voluntary dismissal under Rule 41(a)(1). When dismissal is appropriate under Rule 41(a)(1), reimbursement of expenses should not be imposed. *See* 5 James W. Moore, et al., *Moore's Federal Practice* ¶ 41.02-6 (2d ed. 1995). Therefore, Defendants' requests for attorneys fees should be also denied.

Respectfully submitted this 30th day of January, 2002.

By: _____
Richard J. Burton, Esq. FBN 179337

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was mailed on the 30th day of January, 2002 to: Jeanette M. Lombardi, Esq., PORTER, WRIGHT, MORRIS, & ARTHUR, LLP, 5801 Pelican Bay Blvd. Suite 300, Naples, FL 34108, Mr. Edward M. Mullins, Esq. ASTIGARRAGA DAVIS MULLINS & GROSSMAN PA, 201 South Biscayne Blvd. 20th FL, Miami, FL 33131, Mr. Christopher R. Mank, Esq., O'Conner & Schimpoullis, P.A., 2801 Ponce de Leon Blvd. 9th FL, Coral Gables, FL 33134, Joseph D. Edmondson, Jr., Foley & Lardner, 3000 K Street, N.W., Washington, D.C. 20007, Richard S. Davis, Esq., FOLEY & LARDNER, 777 South Flagler Drive, Suite 200, West Palm Beach, FL 33401, Jeff Ehrlich, Esq., DADE COUNTY ATTORNEY, 111 N.W. 1 Street, Miami, FL 33130, and to Holly R. Skolnick, Esq., GREENBERG TRAURIG, P.A., 1221 Brickell Ave., Miami, FL 33131, Mr. James Nespole, Esq., Fulbright & Jaworski, L.L.P., 666 Fifth Avenue, New York, N.Y. 10103, and Mr. Michael Press Esq., RIAD and Associates, 200 Park Avenue Suite 4514, New York, N.Y. 10166.

RICHARD J. BURTON & ASSOCIATES, P.A.
18305 Biscayne Boulevard, Suite 300
Miami, FL 33160
Tel: (305) 705-0888 Fax: (305) 935-9542

By: _____
Richard J. Burton, Esq. FBN 179337